Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>                    Plaintiff,<br><br>  vs.<br><br>MIRANDA HOLDINGS, L.L.C. d/b/a<br>TOTAL CREDIT RELIEF,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES,<br>INCLUDING PUNITIVE<br>DAMAGES, INTEREST AND<br>ATTORNEY'S FEES, AND<br>FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone<br>Consumer<br>Protection Act of 1991<br>Trespass to Chattel<br>Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of Orange, State of California.

2.      Defendant MIRANDA HOLDINGS, L.L.C. d/b/a TOTAL CREDIT RELIEF ("Miranda/Total Credit") is, and at all times herein mentioned was, a New Jersey limited liability company, doing business in the County of Orange, State of California.

3.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. ("TCPA").  The U.S. Supreme Court ruled that federal question subject matter jurisdiction applies to TCPA actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## FACTUAL SUMMARY

4.      Defendants made three (3) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their debt consultancy services on the following dates and times and using the following Caller ID ("CID") number:

- March 10, 2019 at 8:40am,  CID "restricted"
- March 11, 2019 at 6:05am, CID "restricted"
- March 13, 2019 at 1:36pm, CID "restricted"

5.      Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

Complaint

6.      Each of the calls complained of above used the same falsified Caller ID number, transmitting only the word "restricted" without quotation marks and none of them contained Caller ID name information.

7.      None of the calls transmitted true and correct Caller ID numbers as required by law.  47 C.F.R. § 64.1601(e).

8.      None of the calls transmitted any Caller ID name information, much less the true and correct company name as required by law.  47 C.F.R. § 64.1601(e).

9.      Mr. Sapan never gave any Miranda/Total Credit or any other person, agent, employee or entity associated with Miranda/Total Credit express written permission to call him, nor does he have an established business relationship nor personal relationship with Miranda/Total Credit or any other person, agent, employee or entity associated with Miranda/Total Credit.

## Call Details

10.     Miranda/Total Credit called Mr. Sapan's home phone on March 10, 2019 at 8:40am.

11.     The call did not transmit any Caller ID number, it only displayed the word "restricted" without quotation marks and transmitted no Caller ID name at all.

12.     Mr. Sapan did not know who this was and therefore answered the call.

13.     The call from Miranda/Total Credit immediately started playing a prerecorded messages saying it was "Chris at Total Credit Relief" and the recording falsely stated Miranda/Total Credit got the number called from a partner after a mortgage application denial and asked the junk call victim to call back at (732) 703-7130 and then terminated.

14.     Each of the other two prerecorded calls from Miranda/Total Credit followed the exact same script.

Complaint

15.     None of the calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

16.     And none of the recordings complained of identify who was calling to offer these mortgage modification services as required by both federal and California law since "Total Credit Relief" is neither the true company name of Miranda Holdings, L.L.C., nor does it appear to be a registered fictitious business name in any publicly accessible database in New Jersey or California.

## **Further Allegations**

17.     Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, in order to pitch their mortgage refinancing consultation services.

18.     Mr. Sapan has been harmed by the junk calls complained of herein by the intrusion on his privacy, the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

19.     During at least one of the calls at issue Mr. Sapan wanted to make an outgoing call at the same time and was not able to do so, being involuntarily disposed of the use of his phone by Defendants' illegal calls.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

[TCPA Violation – Prerecorded Telesolicitation – For All 3 Calls]

20.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

21.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

22.   Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

23.   Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

24.   Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three

Complaint

times that amount.

## SECOND CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 3 Calls]

25.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

26.  Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

27.  Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

28.  At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

29.  Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

30.  Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call

Complaint

registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## **THIRD CAUSE OF ACTION**

[Violation(s) of California Civil Code § 1770 (a) (22) (A) –
For All 3 Prerecorded Telesolicitation Calls]

31.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

32.  California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

33.  As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

34.  Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

35.  Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

36.  Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

37.  Civil Code section 1782 requires that, thirty days or more prior to the commencement of an action for damages pursuant to this title, Plaintiff give notice

in writing via certified mail with return receipt requested of his claims under Civil Code section 1770.  Plaintiff did so by having his attorneys send a written cease and desist and demand letter via certified mail with return receipt requested to Defendants at their principal places of business well over 30 days prior to the filing of the instant action.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. §227;

2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

4.    For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5.    For compensatory damages according to proof;

6.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

7.    For punitive damages;

8.    For attorney's fees;

/ / /

/ / /

/ / /

Complaint

On ALL CAUSES OF ACTION:

9.   For attorney's fees pursuant to California Code of Civil Procedure §
     1021.5.

10.  For costs of suit herein incurred; and

11.  For such further relief as the Court deems proper.

DATED: March 10, 2023                    **PRATO & REICHMAN, APC**


                                         /s/Christopher J. Reichman, Esq.
                                         By: Christopher J. Reichman, Esq.
                                         **Prato & Reichman, APC**
                                         Attorneys for Plaintiff
                                         PAUL SAPAN